IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AIG EUROPE LTD.,                          *

    Plaintiff,                          *

      v.                              *            Civil Action No. RDB-13-0216

GENERAL SYSTEM, INC., *et al.*,          *

    Defendant.                          *

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## MEMORANDUM OPINION & ORDER

Presently pending before this Court is TBB Global Logistics, Inc.'s Motion to Dismiss Defendant General System, Inc.'s Cross-Claim (ECF No. 53). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons that follow, TBB Global Logistics Inc.'s ("TBB Global") Motion to Dismiss (ECF No. 53) is GRANTED, and TBB Global is dismissed from this action.

## BACKGROUND

This Court accepts as true the facts alleged in the defendant's crossclaim. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011). Initially, this action pitted Plaintiff AIG Europe Ltd. ("AIG Europe") against Defendant General System, Inc. ("General System") for a claim arising under the Carmack Amendment to the Interstate Commerce Act ("Carmack Amendment"),[1] 49 U.S.C. § 14706, due to General System's alleged loss of a tractor trailer filled with pharmaceuticals.

---

[1] Congress passed the Carmack Amendment in 1906 in order to create "a nationally uniform system of liability for common carriers shipping goods within the stream of interstate commerce." *Brightstar Int'l Corp. v.*

Specifically, TBB Global, a transportation brokerage service, arranged for General System to transport shipments for TBB Global's clients.  Crosscl. ¶¶ 5-6, ECF No. 52. General System obtained insurance for its cargo, with a limit of $100,000 per occurrence, and General System alleges that TBB Global "agreed" to refrain from arranging transportation of any shipment exceeding that insurance coverage.  *Id.* ¶¶ 9, 10.

On October 11, 2011, TBB Global directed General System to pick up a shipment of pharmaceuticals from Actavis Elizabeth, LLC ("Actavis")[2]  and deliver it to UPS in Louisville, Kentucky.  *Id.* ¶ 11.  TBB Global did not inform General System that the value of the shipment exceeded the $100,000 limit of General System's insurance coverage or that the shipment contained controlled substances.  *Id.* ¶¶ 12-16.  A driver for General System picked up the shipment that same day.  *Id.* ¶ 17.  In route, the driver stopped at a truck stop to purchase cigarettes around 11:00 p.m. *Id.* ¶ 18.  When he emerged from the store, both the truck and trailer were gone.  *Id.*  The truck was eventually located, but the goods had been removed from the trailer and were not recovered.  *Id.* ¶ 19.  Actavis made a claim against its insurance carrier, AIG Europe, for the loss of the goods, and one of the terms for payment of the claim was that Actavis subrogated its rights to AIG Europe.  *Id.* ¶ 20.

---

*Minuteman Int'l*, No. 10-C-230, 2011 U.S. Dist. LEXIS 114149, at *5 (E.D. Ill. Oct. 4, 2011).  While the Carmack Amendment relieves carriers from the burden of differing state regulations, "it also facilitates claims by shippers, requiring them to make only a prima facie case in order to shift the burden to the carrier to prove that it was not negligent and that the damage was caused by an event excepted by the common law." *5K Logistics, Inc. v. Daily Exp., Inc.*, 659 F.3d 331, 335 (4th Cir. 2011).

[2] The Third-Party Complaint identifies the shipper as "Actavis Elizabeth, LLC."  Third Party Compl. ¶ 18.  AIG Europe's original complaint, however, identifies the shipper as "Actavis, Inc."  Pl.'s Compl. ¶ 2.  The precise identity of the shipper does not appear to be disputed however.

The pending motion marks the parties' third attempt to asserts claims against TBB Global in this litigation.  In this instance, it is General System that has attempted to bring a cross-claim against TBB Global in order to assert a breach of contract claim.  Specifically, after AIG Europe filed the pending action in this Court on January 22, 2013 against General System, *see generally* Pl.'s Compl., ECF No. 1, General System sought to file a third party complaint against TBB Global, National Insurance Agency, Inc. ("National"), and Marine MGA, Inc. ("Marine MGA") asserting breach of contract and negligence claims..  *See* Mot. Leave File Third Party Compl., ECF No. 10.  On June 26, 2013, this Court granted the Motion, and Global System filed its Third Party Complaint (ECF No. 12) against TBB Global and the other third-party defendants that same day.  Subsequently, TBB Global moved to dismiss the Third Party Complaint for failure to state a claim and improper venue. *See generally* TBB Global's Mem. Supp. Mot. Dismiss Counts I and II, ECF No. 19. This Court granted that motion and dismissed TBB Global from the action. *See generally* Order Granting TBB's Mot. Dismiss, ECF. No. 38.

Subsequently, Plaintiff AIG Europe filed an Amended Complaint naming TBB Global as a defendant to AIG Europe's original action.  *See generally* Pl.'s Am. Compl., ECF No. 39. In response, TBB Global filed a motion to dismiss AIG Europe's claim against it (Count II of the Amended Complaint).  *See* TBB Global's Mot. Dismiss Count II, ECF No. 45.  Thereafter, General System filed a Cross-claim against TBB Global.  *See* ECF No. 52. In essence, General System asserted that this Court could claim supplemental jurisdiction over its cross-claim against TBB Global despite this Court's previous order to dismiss the AIG Europe's claim against TBB Global.  *See* Def.'s Cross-claim ¶ 1, ECF No. 52. TBB Global

then filed the currently pending Motion to Dismiss General System's Cross-claim. *See generally* TBB Global's Mem. Supp. Mot. Dismiss Cross-claim, ECF No. 57; TBB Global's Reply, ECF No. 60.  On July 22, 2014, while the pending motion to dismiss General System's cross-claim remained unripe, this Court granted TBB Global's motion to dismiss AIG Europe's claim against it.  *See* Mem. Op., ECF No. 58.

STANDARD OF REVIEW

TBB Global seeks to be dismissed from this matter pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

As the legal sufficiency of the complaint is challenged under a Rule 12(b)(6) motion, the court must accept as true all the factual allegations contained in the complaint, but legal conclusions drawn from those facts are not afforded such deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim); *see also Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." (internal quotation marks omitted)). Rule 12(b)(6) authorizes dismissal of a complaint must if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679.

Rule 13(g) permits a litigant to file crossclaims against co-parties "if the claim arises out of the same transaction or occurrence that is the subject matter of the original action." Fed. R. Civ. P. 13(g).  Crossclaims are not compulsory, and the court retains discretionary power over their assertion in any particular action.  *See Arguetta v. McGill Airflow, LLC*, Civ. A. No. JKB-11-1102, 2012 WL 34049, at *2 (Jan. 4, 2012) ("The decision whether to allow a crossclaim that meets the test of subdivision (g) is a matter of judicial discretion." (quoting Charles Allan Wright, *et al.*, 6 Fed. Prac. & Proc. Civ. § 1431 (3d ed.))); *see also* Charles Allan Wright, *et al.*, 6 Fed. Prac. & Proc. Civ. § 1433 (3d ed.) ("Of course, as is true for other claims involving supplemental jurisdiction, the assertion of jurisdiction is discretionary and the court may determine that although the crossclaim meets the transaction standard, jurisdiction should not be exercised.").

## ANALYSIS

General System's cross-claim is based on Federal Rule of Civil Procedure 13(g). In its Response brief, General System acknowledged that its crossclaim was proper if, and only if, this Court found that AIG alleged a viable cause of action against TBB Global. Def. General System's Opp'n to TBB Global's Mot. Dismiss at 3, ECF No. 57 ("TBB asserts that if this Court dismisses AIG's Complaint against TBB, it must also dismiss GSI's Crossclaim since TBB will no longer be a co-party. GSI does not disagree with TBB's general statement."). This Court declined to exercise jurisdiction, under Federal Rule of Civil Procedure 14, over AIG's cause of action against TBB Global and dismissed the claim. *See* Mem. Op., ECF No. 37. As a result of that determination, TBB Global is no longer a "co-party" to Defendant

General System, and General System has conceded that it would be inappropriate for it to maintain its crossclaim under these circumstances.[3]

Indeed, additional considerations weigh in favor of this Court's dismissal of General System's crossclaim. Due to the parties' procedural wrangling, this case has been stalled in the preliminary pleading stage for quite some time. Inclusion of TBB Global in this litigation would only slow this case further. As is clear from the parties' briefs on the pending motion, General System's crossclaim would require the Court to address disputes of fact and complicated issues of Pennsylvania law regarding contract formation and integration. These issues are totally separate from whether General System is strictly liable to AIG Europe pursuant to the Carmack Amendment—the main issue raised by the Plaintiff's Complaint in this case. Accordingly, this Court finds that consideration of General System's crossclaim would be inappropriate in this action, and the crossclaim will be dismissed without prejudice.

<u>CONCLUSION</u>

Accordingly, for the reasons stated above, it is this 19th day of March, 2015, ORDERED that:

---

[3] The Court notes that there is some authority to support the notion that a crossclaim may still be maintained against a party who has been dismissed from an action. *See* Charles Allan Wright, *et al.*, 6 Fed. Prac. & Proc. Civ. § 1431 (3d ed.) ("No crossclaim may be brought against a person who has been eliminated or who has withdrawn from the action, since that person no longer is a party. The subsequent dismissal of the original claim itself, or the dismissal of that claim against the coparty, does not require that a previously interposed crossclaim also be dismissed, however." (internal footnotes omitted) (citing, *inter alia*, *Adams v. NVR Homes, Inc.*, 135 F. Supp. 2d 675, 708 (D. Md. 2001))).  In this case, however, AIG Europe's claims against TBB Global were already subject to an unripe motion to dismiss at the time General System filed its cross-claim, and the case was (and still remains) at the initial pleading stage.

1.   Defendant TBB Global Logistics, Inc.'s Motion to Dismiss General System's Cross-claim (ECF No. 53) is GRANTED, and TBB Global is DISMISSED from this case; and

2.   The Clerk of the Court transmit copies of this Order to Counsel.

_____/s/_____
Richard D. Bennett
United States District Judge